NOT FOR PUBLICATION                                                    (Doc. Nos. 10, 21, 23, 24)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| DAVID RODRIGUEZ, | |
| Plaintiff, | |
| | Civil No. 16-8197 (RBK/AMD) |
| v. | |
| | **OPINION** |
| BANK OF AMERICA, N.A, et al | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendants Bank of America, N.A. ("BANA"), Countrywide Home Loans, Inc. ("CHLI"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS")'s Motion to Dismiss (Doc. No. 10), Defendant Stern, Lavinthal & Frankenberg, LLC ("SLF")'s Motion to Dismiss (Doc. No. 21), Plaintiff David Rodriguez ("Plaintiff" or "Rodriguez")'s Motion for Summary Judgment (Doc. No. 23), and Defendants the United States Department of Housing and Urban Development ("HUD"), Federal Housing Administration ("FHA"), the Office of Inspector General ("OIG") and the Board of Governors of the Federal Reserve System ("FRB") (collectively "Federal Defendants")'s Motion to Dismiss (Doc. No. 24). For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED**. Plaintiff's Motion for Summary Judgment is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This suit concerns the foreclosure on Plaintiff's home. Plaintiff and his wife executed a mortgage and note to secure a $230,455 loan from CHLI on April 3, 2016 to purchase his home at 5 Fairview Drive, Egg Harbor Township 08234. Compl., Ex. A (Doc. No. 1-2). Plaintiff's mortgage was recorded on April 20, 2006 and the mortgage was granted in favor of MERS as a nominee for CHLI. *Id.* Plaintiff executed a secondary mortgage and note for $30,000 on August 22, 2007 which was recorded on September 5, 2007. Compl., Ex. B. Plaintiff states that this Mortgage was discharged by BANA on January 5, 2016. Second Amended Complaint ("SAC") ¶ 2. MERS assigned the original mortgage to BAC Home Loans Servicing on March 30, 2010; the assignment to BAC was recorded on September 2, 2010. Compl., Ex. F.

Plaintiff and his wife filed a Chapter 7 voluntary petition for bankruptcy on September 30, 2009. Lipkin Decl., Ex. D (Doc. No. 10-5). The Bankruptcy Court discharged Plaintiff and Marta Rodriguez of their personal debts on January 15, 2010 pursuant to 11 U.S.C. section 727. Lipkin Decl., Ex. E (Doc. No. 10-6). The Bankruptcy Court's Discharge does not mention the Mortgage on Plaintiff's home. *Id.*

Plaintiff recounts that Defendant Phelan, Halinan & Schmieg, P.C. executed a Lis Pendens against his home on May 17, 2010 (which was later discharged), and filed a foreclosure action on April 1, 2010 (which was voluntarily dismissed when Plaintiff entered negotiations with the lender). SAC ¶¶ 4-5. Plaintiff executed a Federal Housing Administration-Home Affordable Modification Program Loan Modification Agreement with BOA on February 25,

---

1. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

2013. Compl., Ex. L (Doc. No. 1-3). This Loan Modification was executed along with a partial payment of the amount Plaintiff owed (in back payments and principal) from insurance. Compl., Ex. G. As a result, Plaintiff and his wife executed a subordinate mortgage on their home to HUD, which was recorded on March 13, 2012. *Id.* Plaintiff's complaint contends that his "discharged loan note cannot be revived after a discharge." SAC ¶ 16.

Plaintiff explains that he soon realized that his modified FHA Mortgage was unaffordable due to high payments, high interest rates, and hidden fees/charges which all led to him accumulating more debt. *Id.* ¶ 17.[2] Plaintiff allegedly failed to make his monthly mortgage payment due on March 1, 2014 and all other monthly payments thereafter. *See* Compl., Ex. P at 12 ("Foreclosure Complaint"). Plaintiff corresponded with BANA between 2013 and 2016 to further modify his mortgage. *See* Compl., Exs. M1-M6 (Doc. Nos. 1-3, 1-4). Plaintiff did not accept further modifications because the payments would have been more than his payment before defaulting on his mortgage and he believed his original "predatory defective loan" entitled him to lower payments in any modification. Compl., Ex. N2.

BANA filed a Lis Pendens and a Foreclosure Complaint against Plaintiff's home in the Chancery Division of the New Jersey Superior Court of Atlantic County on September 7, 2016. Compl., Exs. O, P. Plaintiff removed the Foreclosure Complaint to this Court on September 28, 2016. Notice of Removal, *Bank of Am., N. Am. v. Rodriguez* No. 16-6020 (D.N.J. Sep. 7, 2016) (Doc. No. 1). Plaintiff subsequently filed the Complaint in the instant action on November 3, 2016. Compl. The Court directed Plaintiff to file an amended complaint properly alleging the

---

2. Plaintiff now contends that his 2013 Loan Modification "was illegal, arbitrary, and in violation of several laws (IRS) or at least not equitable." SAC ¶ 17. Plaintiff takes issue with HUD, OIG, and the FRB for failing to "properly overseen [sic] the Lender/Banks for their arbitrary illegal Servicing Actions with Borrowers." *Id.* ¶ 11.

citizenship of each party or an alternative basis for jurisdiction on November 7, 2016. Nov. 7, 2016 Order (Doc. No. 3). Plaintiff filed the First Amended Complaint on November 16, 2016 along with a motion to consolidate the instant case with his foreclosure action. The Court remanded the Foreclosure Complaint to Superior Court on November 28, 2016. Order Granting Pl.'s Mot. to Remand, *Bank of Am., N. Am. v. Rodriguez* No. 16-6020 (D.N.J. Nov. 28, 2016) (Doc. No. 6). The Court also denied Plaintiff's motion to consolidate cases as moot and ordered Plaintiff to file an amended complaint properly alleging the citizenship of each party or an alternative basis for jurisdiction on November 28, 2016. Nov. 28 2016 Order (Doc. No. 6). Plaintiff filed his Second Amended Complaint on December 12, 2016.

Defendants BANA, CHLI, ReconTrust, and MERS filed their instant motion to dismiss on December 27, 2010. Defendant SLF filed its instant motion to dismiss on March 24, 2017. Plaintiff filed his instant motion for summary judgment on April 6, 2017. Defendants HUD, FHA, OIG, and FRB filed their instant motion to dismiss on April 7, 2017.

## II.  LEGAL STANDARD

Where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff generally bears the burden of proving by a preponderance of the evidence that the Court has subject-matter jurisdiction. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A district court has subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332; "federal question" jurisdiction under 28 U.S.C. § 1331; or jurisdiction supplemental to the original claim under 28 U.S.C. § 1367.

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233)). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are unnecessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

5

## III. DISCUSSION

### A. BANA, CHLI, ReconTrust, and MERS's Motion to Dismiss

Defendants BANA, CHLI, ReconTrust, and MERS move to dismiss Plaintiff's complaint for both lack of subject matter jurisdiction and for failure to state a claim. The Court will address subject matter jurisdiction first as a threshold matter.

*1. Subject Matter Jurisdiction (12(b)(1))*

Defendants argue that Plaintiff has failed to establish that the Court has subject matter jurisdiction over the instant action. Defendants correctly note that Plaintiff has not properly plead the citizenship of all Defendants to establish diversity jurisdiction under 28 U.S.C. section 1332. BANA Defs.' Br. at 7-8 (Doc. No. 10-9). Therefore, Plaintiff must demonstrate that this Court has federal question jurisdiction under 28 U.S.C. section 1331.

The Court notes that Plaintiff makes reference to Article 9 of the Uniform Commercial Code, the Dodd-Frank Act, and Regulation X of the Real Estate Settlement Procedures Act ("RESPA") as bases for federal question jurisdiction. SAC at 2. As an initial matter, the Court notes that the Uniform Commercial Code has been adopted in New Jersey as a matter of state law. *See* N.J. Rev. Stat. §§ 12A:4A-101 to -507. Accordingly, the Uniform Commercial Code as adopted by New Jersey is not a basis for federal question jurisdiction under 28 U.S.C. section 1331.

Turning now to Plaintiff's invocation of the Dodd-Frank Act. This Court has recognized on many occasions that the Dodd-Frank Act does not create a private right of action against lenders outside of very narrow situations. *See Zuniga v. Am. Home Mortg.*, 14-2973, 2016 WL 6647932 (D.N.J. Nov. 8, 2016) ("[A]s a general rule, the Dodd-Frank Act does not provide for a private right of action by borrowers against lending institutions.") (citing *Angino v. Wells Fargo*

6

*Bank, N. Am.*, 15-418, 2016 WL 787652, *9 (M.D. Pa. Feb. 19, 2016)); *Diena v. Certified Credit & Collection Bureau, Inc.*, 14-769, 2015 WL 570247, at *2 (D.N.J. Feb. 11, 2015) ("Plaintiff offers no statutory basis for the existence of a private right of action under the Dodd-Frank Act . . . ."). The instant case does not represent one such situation. Therefore, Plaintiff cannot, as a matter of law, state a claim for relief against defendants for violations of the Dodd-Frank Act. Accordingly, the Dodd-Frank Act does not provide a basis for federal question jurisdiction in the instant case.

Plaintiff's final hook for federal question jurisdiction is RESPA's Regulation X. Regulation X is the designation used for the bevy of rules implementing RESPA. The Court observes that very few causes of action provided pursuant to RESPA could potentially apply to Plaintiff's allegations: section 2605(a), section 2605(b), and section 2607. Section 2605(a) requires that lenders disclose to loan applicants whether "the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." Section 2605(b) lays out requirements for notice that a lender must give a borrower before assigning, selling, or transferring the servicing of their loan to another person. Section 2607 forbids business referrals, splitting of charges, and paying of kickbacks in conjunction with federally-related mortgage loans. The Court does not observe any allegations in Plaintiff's Second Amended Complaint that the lenders failed to make adequate disclosures or provide adequate notice with regard to section 2605(a) and (b). Plaintiff makes a conclusory allegation that "[e]very Defendant had a gain, weather [sic] is for Insurance Payouts, Kickbacks or payouts after Sheriff Foreclosure sale" in the "Conclusion" portion of his Second Amended Complaint. SAC at 13. Plaintiff's conclusory allegation that all Defendants received payouts or kickbacks is insufficient to claim any violation

7

of section 2607. Therefore, the Court finds that Plaintiff has failed to state a claim for violations of RESPA. Accordingly, Plaintiff's claims for RESPA violations are dismissed.

    2. *State Law Claims*

The remainder of Plaintiff's claims (to the extent he has stated additional claims) arise under state law. The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Plaintiff's sole claim under federal law has been dismissed, and there is no affirmative justification for this Court to retain supplemental jurisdiction over the state law claims this early in the litigation. As such, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's claims for predatory lending and unjust enrichment are dismissed without prejudice as to Defendants BANA, CHLI, ReconTrust, and MERS.

  **B. SLF's Motion to Dismiss**

Defendant SLF moves to dismiss Plaintiff's complaint and adopts the reasoning of Defendants BANA, CHLI, ReconTrust, and MERS's motion to dismiss. For the reasons discussed above, Plaintiff has failed to plead federal jurisdiction for any potential claims against SLF and the Court declines to exercise supplemental jurisdiction over any predatory lending and unjust enrichment claims against SLF. In light of the analysis above, the Court will also dismiss Plaintiff's claims against the non-moving private defendants, Phelan Halinan & Schmieg P.C. and Judith T. Romano.

### C. HUD, FHA, OIG, and FRB's Motion to Dismiss

Defendants HUD, FHA, OIG, and FRB (collectively "Government Defendants") also move to dismiss Plaintiff's complaint. The Court will conduct a separate analysis for these defendants due to the specific subject matter jurisdiction issues that arise when the government or its arms are named defendants. Government Defendants argue that the government has not waived sovereign immunity for a number of Plaintiff's claims. The Court will address these claims in turn.

*Predatory Lending and Failure to Investigate and Enforce*

Government Defendants note that the Federal Tort Claims Act ("FTCA") provides the only waiver of sovereign immunity by which a Plaintiff can assert tort claims against the United States and its arms. Gov. Defs.' Br. at 9 (citing *United States v. Acorn Tech. Fund, L.P.*, 429 F.2d 438, 445 (3d Cir. 2005)) (Doc. No. 24-1). Government Defendants then correctly note that the United States (rather than the number of federal agencies named in the complaint) is the only proper defendant in an FTCA claim and the FTCA does not permit punitive damages (to the extent that Plaintiff is referring to punitive damages when he requests "putative damages"). *Id.* at 10-11.

Government Defendants then argue that all of Plaintiff's tort claims against Government Defendants must be dismissed for failure to comply with the exhaustion requirements of the FTCA. *Id.* at 11. They note that "[t]he United States retains sovereign immunity for all tort claims 'unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.'" *Id.* (citing 28 U.S.C. § 2675(a)). The Court notes that Plaintiff has not alleged that he has filed an administrative claim with any of the federal agency defendants. Therefore, Plaintiff has not exhausted his

administrative remedies with respect to his tort claims against the Government Defendants and his claims will be dismissed for lack of subject matter jurisdiction.

Government Defendants further argue that certain claims are barred against specific agency defendants notwithstanding Plaintiff's failure to exhaust his administrative remedies. They note that the FTCA does not waive sovereign immunity for "torts arising out of misrepresentation, deceit, or nondisclosure." *Id.* at 12 (citing 28 U.S.C. § 2680(h)). Therefore they argue that Plaintiff's allegation that HUD concealed its involvement in a scheme involving the other defendants to create predatory loans for profit is barred by the FTCA. *Id.* at 13. The Court agrees. Accordingly, Plaintiff's claim against HUD for predatory lending shall be dismissed with prejudice.

Government Defendants then note that FTCA does not waive sovereign immunity for "suits based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Id.* (citing 28 U.S.C. § 2680(a)). Plaintiff complains that the Government Defendants "failed to properly overseen [sic] the Lender/Banks for their arbitrary illegal Servicing Actions." SAC ¶ 11. Plaintiff also responds that the Board of Governors, or "Federal Reserve Bank," is a private entity that is not entitled to sovereign immunity. Pl.'s Federal Opp'n Br. at 1-2 (Doc. No. 29). Government Defendants correctly respond that the Board of Governors is, in fact, covered by sovereign immunity. Gov. Defs.' Reply at 2 (Doc. No. 32).

The Court observes that enforcement/non-enforcement and/or failure to investigate the actions of the private defendants is clearly a discretionary function or duty of the Government Defendants. Therefore, Plaintiff's allegations that the Government Defendants failed to

10

investigate/enforce are barred by the FTCA. Accordingly, Plaintiff's claims against HUD, FHA, OIG, and FRB for failure to investigate and enforce shall be dismissed with prejudice.

*Quiet Title*

Government Defendants next argue that Plaintiff's allegations regarding improper modifications to his FHA Mortgage are barred by sovereign immunity to the extent that they might constitute an action to quiet title on his home. Plaintiff makes several references to his FHA Mortgage and loan modification in the Second Amended Complaint. *See* SAC at 5, ¶¶ 3, 19, 23. Plaintiff's allegations suggest that he mistakenly believes that his mortgage, note, and any liens associated with his mortgage should have been extinguished when his debts were discharged under Chapter 7. The Government Defendants concede that the United States has waived "sovereign immunity for actions to quiet title to property against which the United States holds a mortgage or other lien under 28 U.S.C. § 2410(a). Gov. Defs.' Br. at 16 (citing *United States v. Schiaffino*, 317 F. App'x 105, 106-07 (3d Cir. 2009)). However, Government Defendants correctly note that it is well established law that section 2410 does not waive sovereign immunity in suits for monetary damages. *Id.*; *see also Snyder v. United States*, 260 F. App'x 488, 491 (3d Cir. 2008) (citing *Kulawy v. United States*, 917 F.2d 729, 736 (2d Cir. 1990)). Plaintiff's Second Amended Complaint exclusively requests monetary relief in the amount of $1,200,000. SAC at 14. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's potential claim to quiet title against HUD or other government defendants. Accordingly, Plaintiff's quiet title claim against Government Defendants is dismissed without prejudice.

*RESPA/Dodd-Frank/Regulation X*

The Court has already addressed the deficiency of Plaintiff's attempted claims under RESPA, the Dodd-Frank Act, and Regulation X above. Government Defendants make an additional argument that RESPA and Regulation X thereunder does provide a waiver of sovereign immunity against HUD. Gov. Defs.' Br. at 16. They state that the applicable RESPA provisions only provide a cause of action against "persons" and that the definition of "persons" "implicitly exclud[es] government entities." *Id.* at 17. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's RESPA/Regulation X claims against HUD. Accordingly, Plaintiff's RESPA/Regulation X claims against HUD are dismissed with prejudice.

Government Defendants also present arguments as to why Plaintiff has failed to state claims against them. The Court need not address the 12(b)(6) arguments in light of the above rulings regarding subject matter jurisdiction and sovereign immunity. Furthermore, Plaintiff's Motion for Summary Judgment is denied as moot in light of the holdings above.

## IV.  CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED**. Plaintiff's Motion for Summary Judgment is **DENIED**. An appropriate order shall issue.


Dated: 07/20/2017                                            s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge